Supreme Court

In the Matter of George E. Babcock.                    No. 2014-319-M.P.

## O R D E R

This matter is before the Court pursuant to a petition for reciprocal discipline filed by this Court's Disciplinary Counsel in accordance with Article III, Rule 14, of the Supreme Court Rules of Disciplinary Procedure. The respondent, George E. Babcock, is a member of the Rhode Island Bar. At all times relevant to this matter he was admitted to practice law before the United States Court of Appeals for the First Circuit, the United States District Court for the District of Rhode Island, and the United States Bankruptcy Court for the District of Rhode Island.

This disciplinary matter arises from the respondent's representation of clients before the Bankruptcy Court. On July 10, 2013, the United States Trustee filed a motion in the Bankruptcy Court alleging that the respondent had engaged in misconduct and seeking the impositions of various sanctions. The alleged misconduct included a claim that the respondent prepared and filed with the court, using the courts electronic filing system, various documents which were purportedly signed by the client when in fact the client had not done so. Additionally, the motion further alleged that the respondent did not have original signatures of the clients on the documents as required by the Local Rules of the United States Bankruptcy Court and that he engaged in a pattern or practice of not having original signatures in his files for documents bearing the purported electronic signatures of debtors. Further, the respondent prepared bankruptcy schedules for a client in which he failed to disclose a civil proceeding that he had filed on the

client's behalf in the United States District Court and had also failed to disclose the client's interest in real estate in Florida, as well as a transfer of corporate assets to relatives of the client. Lastly, the respondent failed to satisfy various notice requirements mandated by the Bankruptcy Code.

On July 11, 2013, the respondent voluntarily entered into a consent order with the United States Trustee, wherein he acknowledged that sufficient facts existed for the granting of the trustee's motion. The respondent consented to being enjoined from practicing before the Bankruptcy Court for a period of one year; to being required to complete twenty hours of continuing legal education, ten hours of which are to be devoted to legal ethics, as a condition of being reinstated to that Court; the forfeiture of $1,200 in fees to the client; and the imposition of a $10,000 fine, with collection of the fine stayed so long as the respondent complied with the other terms of the consent order. The consent order was approved by the Bankruptcy Court on the same day.

Rule 214 of the Local Rules of the United States District Court for the District of Rhode Island, entitled "Action taken by other courts or disciplinary agencies," requires the District Court to issue an order to an attorney who has been disciplined in another court to show cause why the District Court should not impose identical discipline, and a show cause order was issued on September 20, 2013. That matter came before the court for hearing on November 22, 2013; and, on November 25, 2013, having determined that cause had not been shown, the District Court entered an order suspending the respondent for a period of one year. The respondent filed a notice of appeal of that order on November 28, 2013.

Rule 14, entitled "Reciprocal discipline," requires Disciplinary Counsel, upon notice that a lawyer admitted to practice in this state has been disciplined in another jurisdiction, to obtain a certified copy of that disciplinary order and file it with this Court. On November 29, 2013, Disciplinary Counsel filed a certified copy of that order of suspension along with a petition for the imposition of reciprocal discipline. On December 12, 2013, we entered an order directing the respondent to inform this Court of any claim he may have that the imposition of identical discipline would be unwarranted, and the reasons therefore.

At the request of the respondent, we deferred acting on the petition for reciprocal discipline pending the resolution of the appeal filed by the respondent to the suspension order imposed by the District Court. On May 30, 2014, the United States Court of Appeals for the First Circuit affirmed the suspension imposed by the District Court and also suspended the respondent from the practice of law before that court, but it ordered that his term of suspension would run concurrently with the Bankruptcy Court order of suspension, not the District Court order. Accordingly, the respondent was reinstated to practice before the First Circuit on July 11, 2014; he remains suspended before the United States District Court, but he may apply for reinstatement after November 25, 2014. The respondent remains ineligible to practice before the Bankruptcy Court due to his continuing suspension in the District Court.

This matter was further continued by this Court at the request of the respondent. He appeared before this Court at its conference on November 13, 2014, with counsel. Having heard the representations of the respondent, his counsel, Disciplinary Counsel, and having reviewed the record, we determine that the respondent has failed to show

cause why he should not be disciplined. However, we decline to impose identical discipline as a sanction.

We note that the respondent has been a member of the Rhode Island Bar since 1987, and has been the subject of no prior public discipline. However, we find his conduct as described herein to be troubling and worthy of sanction. We take particular note that the respondent failed to disclose, on a bankruptcy petition that he prepared, the existence of a civil action he had filed on behalf of that client in the United States District Court. We believe that such conduct warrants a suspension from the practice of law.

However, in our considered opinion, the imposition of an identical one year suspension at this point would result in an unduly harsh sanction, having the collateral effect of extending his suspension before both the United States District Court and the United States Bankruptcy Court. Accordingly, we suspend the respondent from the practice of law for a period of thirty days, effective December 1, 2014.

Justice Flaherty did not participate.

Entered as an Order of this Court on this **19th** day of **November, 2014**.

**By Order,**

_____/s/_____
**Clerk**

- 4 -



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**     In the Matter of George E. Babcock.

**CASE NO:**     No. 2014-319-M.P.

**COURT:**     Supreme Court

**DATE ORDER FILED:**     November 19, 2014

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**     N/A – Court Order

**JUDGE FROM LOWER COURT**:

        N/A

**ATTORNEYS ON APPEAL:**

        For Petitioner:   David D. Curtin, Esq.
                  Disciplinary Counsel

        For Respondent:  William J. Delaney, Esquire